UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLIFFORD LEON REID,

          Petitioner,

v.                                  Case No. 3:22-cv-359-MMH-MCR

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

          Respondents.

_____

## **ORDER**

Petitioner Clifford Leon Reid, an inmate of the Florida penal system, initiated this action on March 22, 2022, by filing a pro se Petition for Writ of Habeas Corpus (Petition; Doc. 1) under 28 U.S.C. § 2254. On April 1, 2022, the Court dismissed the case without prejudice because Reid's Petition was a successive Petition filed without authorization from the Eleventh Circuit Court of Appeals (Order; Doc. 5). Before the Court is Reid's Motion for Extension of Time to File a Notice of Appeal (Motion; Doc. 7). Reid also filed exhibits. Docs. 7-1 through 7-2. In the Motion, Reid asks the Court to extend the time for him to file a notice of appeal of the Court's Order by two months. Motion at 13. Reid contends that he did not receive the Order until April 5, 2022, because he was in administrative confinement following multiple attacks by other inmates

upon him. Id. at 1-2. Reid asserts that he did not know about the thirty-day period of time in which he had to file an appeal. Id. at 2. Further, he explains that he experienced delays in receiving materials from the law library. Id. at 2-3. Reid also identifies various reasons why he could not timely file a petition for writ of habeas corpus and argues that he is entitled to equitable tolling.[1] Id. at 7-12.

A petitioner appealing a dismissal of a federal habeas petition attacking a state court judgment must file a notice of appeal within thirty days after entry of the judgment or order to be appealed. Fed. R. App. P. 4(a)(1)(A) (Rule(s)). Pursuant to Rule 4(a)(5), a district court can extend the time in which to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A)(i)-(ii); see also Lopez v. Ammons, 336 F. App'x 873, 874 (11th Cir. 2009) (stating that "to be eligible for an extension under Rule

---

[1] In his Petition, Reid challenges a 1988 conviction and sentence. Petition at 1.

2

4(a)(5), the party seeking to take advantage of this Rule must file the pertinent motion no later than thirty days after the original appeal period expired.").

Here, the Court entered the Order that Reid seeks to appeal on April 1, 2022, see Order, and the Clerk entered the judgment on that same day, see Doc. 6. Reid filed his Motion by mailbox rule on June 2, 2022, and he could timely file a motion for extension of time up to and including June 2, 2022. Therefore, Reid timely filed the instant Motion.

Next, the Court turns to whether Reid has established excusable neglect or good cause. To determine whether a party has established excusable neglect, a court should consider:

> [A]ll relevant circumstances surrounding the party's omission, such as the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Advanced Estimating Sys., Inc. v. Riney, 77 F.3d 1322, 1325 (11th Cir. 1996) (quotation marks and citation omitted). "Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." Id.

3

Upon consideration of all the relevant factors, the Court finds Reid has demonstrated excusable neglect and good cause to file a belated notice of appeal. There is little prejudice to the nonmovants because the Court summarily dismissed Reid's Petition before ordering a response. The brief delay would not significantly impact judicial proceedings. Moreover, Reid's access to the law library apparently was hampered. While legal research is not necessary to file a notice of appeal, the Court recognizes its importance to Reid's decision as to whether to file an appeal. Accordingly, Reid's Motion for Extension of Time filed pursuant to Rule 4(a)(5) is due to be granted.[2]

---

[2] Reid also asks the Court to consider his Motion pursuant to Rule 4(a)(6). Rule 4(a)(6) provides that the district court may reopen the time to file an appeal only if, among other conditions, the court finds the moving party did not receive notice of the entry of the judgment or order sought to be appealed within 21 days after entry. However, Reid alleges he received the Order on April 5, 2022, well within 21 days after entry of the Order on April 1, 2022. Motion at 1-2.

Therefore, it is now **ORDERED** that Reid's Motion for Extension of Time (Doc. 7) is **GRANTED** to the extent that, pursuant to Rule 4(a)(5)(C), Reid is granted fourteen additional days from the date this Order is entered to file a notice of appeal.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of June, 2022.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 6/13
C:    Clifford Leon Reid #111123